IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TIM HATCH,**

      **Plaintiff,**

v.                                                      Cause No. 20-CV-00446 KK/LF

**NEW MEXICO CORRECTIONS DEPARTMENT,
AND ANTHONY ROMERO, JERRY ROARK, AND
DAVID JABLONSKI, in their individual capacities,**

      **Defendants.**

## **DEFENDANTS' MOTION TO DISMISS**

Defendants New Mexico Corrections Department (NMCD), Anthony Romero, Jerry Roark and David Jablonski, move the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As explained below, Plaintiff's Complaint fails to state a plausible claim for relief against them. NMCD is not a person under 42 U.S.C. §1983 and the individual defendants are entitled to qualified immunity. Plaintiff's counsel has been contacted and opposes this motion.

### **Standards for Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim for relief that is plausible on its face. *See Twombly,* 550 U.S. at 570; *Mink v. Knox,* 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

### ARGUMENT

Plaintiff alleges that his First Amendment rights were violated by Defendants when in April 2017, they withdrew their approval for the Plaintiff to serve as the Warden at the Northeast New Mexico Correctional Facility (NENMCF) in retaliation for his exercise of protected free speech. Complaint p. 1. Plaintiff seeks damages from all Defendants.

**I.      New Mexico Corrections Department Is Not A Person Under 42 U.S.C. §1983**

Plaintiff does not specifically allege that this action is brought under 42 U.S.C. ¶1983, but does seek damages for violation of his constitutional rights and alleges that the defendants acted under color of law. (Complaint ¶¶3-5, 86). Therefore, Defendants assume that this action is brought under Section 1983. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (Section 1983 requires only two allegations: (1)the plaintiff must allege that he was deprived of a federal right; (2) the plaintiff must contend that the person who deprived him of the right was acting under color of state law.)

NMCD, however, is not a "person" under Section 1983, and therefore, is not subject to suit under that section. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

>be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As the Supreme Court clearly held in *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989), "a State is not a person within the meaning of §1983." And as stated in *Hull v. State of New Mexico Taxation and Revenue Department,* 179 F.App's 445, 446 (10th Cir. 2006), "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of §1983 and therefore are immune from § 1983 damages suits." NMCD, a department of the State, is an arm of the state, and is not liable for damages under §1983. *Nunez v. New Mexico Corrections Department,* Civ. No. 19-63 KG/LF, 2019 U.S. Dist. Lexis 94197, *6, 2019 WL 2370140 (D. N.M. June 5, 2019) ("Plaintiff's action for damages under Section 1983 against NMCD, an arm of the state, . . . fails to state a plausible Section 1983 claim as a matter of law.)

Therefore, the Complaint as against NMCD should be dismissed with prejudice.

**II.     The Individual Defendants Are Entitled to Qualified Immunity**

Plaintiff seeks damages against Defendants Anthony Romero, Jerry Roark and David Jablonski in their individual capacities. They are entitled to qualified immunity from Plaintiff's claim that they violated his First Amendment rights.

The qualified immunity doctrine applies to public officials acting in their individual capacities. *Brandon v. Holt*, 469 U.S. 464, 472-73 (1985). Under the doctrine, public officials are immune from suit unless they have violated a federal statutory or "constitutional right that was clearly established at the time of the challenged conduct." *City & Cnty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1774 (2015) (internal citation omitted).

Where a defendant has asserted qualified immunity, a plaintiff seeking to overcome the defense, "must satisfy a heavy two-part burden by showing: (i) the defendant violated a constitutional or statutory right; and (ii) the right was "clearly established" at the time of the conduct in question. *Mecham v. Frazier*, 500 F.3d 1200, 1204 (10th Cir. 2007). If the plaintiff fails to carry either part of the two-part burden, the defendant is entitled to qualified immunity. *Albright v. Rodriquez*, 51 F.3d 1531, 1535 (10th Cir. 1995). The court may evaluate either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Under Tenth Circuit law, First Amendment claims by employees against their employers are subject to a five prong test:

> In *Garcetti v. Ceballos*, 547 U.S. 410 (2006), the Supreme Court made clear a governmental employer may restrict speech made pursuant to an employee's official duties. In light of *Garcetti*, the Tenth Circuit employs a five-step inquiry for First Amendment retaliation claims. First, the court asks whether the employee speaks pursuant to his official duties. If an employee speaks as a citizen rather than pursuant to his official duties, the court must determine whether the subject of the speech is a matter of public concern. If so, the court must decide whether the employee's interest in commenting on the issue outweighs the interest of the state as employer. Assuming this is the case, the employee must show his speech was a substantial factor or a motivating factor in a detrimental employment decision. If the employee makes this showing, the employer must then establish it would have taken the same action even if the speech had not occurred.

*Chavez-Rodriguez v. City of Santa Fe,* 596 F.3d 708, 713 (10th Cir. 2010) (internal citations and quotations omitted.). This is often referred to as the *Garcetti/Pickering* analysis. *See e.g. Christopherson v. Poutsch,* Civ. No. 14- 00152 JCH/SCY, 2015 WL 13662707, 2015 U.S.Dist. Lexis 194722, (D.N.M. April 30, 2015). In this case, Plaintiff spoke pursuant to his official duties. Therefore, his speech does not support a First Amendment retaliation claim.

Here, Plaintiff alleges that he "spoke out to both GEO and NMCD officials, including either or both Defendants Romero and Roark, that understaffing existed there and was chronic." Complaint ¶ 18. He also alleges that "[a]s the Warden at NENMCF, Plaintiff interacted on a

4

regular basis with NMCD administrators and employees, including the Defendants Romero and Roark." Complaint ¶ 17.  He further states: "Plaintiff's primary purpose in engaging in such speech was to inform both GEO and NMCD officials of understaffing because it constituted a dangerous condition that was adverse to the overall effectiveness of the jail facility including jail security and jail operations. . . ." Complaint ¶ 21.

Plaintiff did not include in his Complaint a copy of his job description or allegations describing his job duties as Warden aside from the conclusory allegation that "Understaffing was not a matter that Plaintiff's job duties as the Warden of NENMCF required him to monitor, identify or report."  Complaint ¶ 19.  This allegation does not preclude a motion to dismiss.  "The determination of whether a public employee speaks pursuant to official duties is a matter of law." *Hesse v. Town of Jackson, Wyo.,* 541 F.3d 1240, 1249 (10th Cir. 2008).  To determine whether speech was pursuant to official duties,

> "the court takes a practical view of all the facts and circumstances surrounding the speech and the employment relationship.  Additionally, this court's precedents have taken a broad view of the meaning of speech that is pursuant to an employee's official duties. . . . Stated another way, if an employee engages in speech during the course of performing an official duty and the speech reasonably contributes to or facilitates the employee's performance of the official duty, the speech is made pursuant to the employee's official duties. . . .  In any case, even if not explicitly required as part of her day-to-day job responsibilities, an employee's statements are made pursuant to official duties when they stemmed from and were the type of activities that she was paid to do."

*Chavez-Rodriguez v. City of Santa Fe,* 596 F.3d 708, 714, 716 (10th Cir. 2010) (internal quotations and citations omitted).

"Warden" is defined as "the administrative director of a correctional facility."  NMSA 1978, § 33-1-2 (2005).  As such, maintaining adequate staffing of the facility and concern that staffing was not adequate clearly must be within the official duties of the warden.  Thus, the statements to Defendants Romero and Roark were made pursuant to Plaintiff's official duties

5

because "they stemmed from and were the type of activities" he was paid to do. The fact that the contract under which the facility was operated included a jail monitor that was responsible for monitoring and reporting staffing vacancies to the Warden and then to NMCD or the Town of Clayton (Complaint ¶¶ 26-27) does not mean that having adequate staff to safely operate the facility was not related to Plaintiff's responsibility as Warden. As explained in *Chavez-Rodriguez,* to be speech pursuant to official duties, the speech does not have to be specifically required by the employee's job description. Instead, the speech must reasonably contribute to the employee's job performance. Since the performance of the warden in administration of the facility was clearly dependent on the facility's staffing, his speech concerning the understaffing was within his official duties.

It should be noted that even though Plaintiff was employed by GEO and not NMCD, the *Garcetti/Pickering* analysis is applicable because GEO and NMCD are interrelated with respect to the employment of Plaintiff as alleged by Plaintiff. *Garcetti/Pickering* applies in cases where the operations of third party agency and the employing agency may be so intertwined that they may be considered a single employer. *Worrell v. Henry*, 219 F.3d 1197, 1212, n. 3 (10th Cir. 2000). In the single-employer analysis, the critical question is "what entity made the final decisions regarding employment matters related to" the plaintiff. *Leverington v. City of Colorado Springs,* 643 F.3d 719, 732, n.9 (10th Cir. 2011) (internal quotations and citations omitted). In this case, Plaintiff alleges that NMCD essentially made the final decision as to Plaintiff's job as warden, and therefore, *Garcetti* should apply. *See also* Blan v. Correct Care Solutions, No. 17-CV-182 NF-KHR, 2017 U.S.Dist. Lexis 227076, (D.N.M. Dec. 11, 2017), in which the district court applied the *Garcetti/Pickering* analysis to a claim by an employee of Correct Care Solutions (CCS) who

was assigned to work at the Metropolitan Detention Center and who sued the Bernalillo County Commission and a county employee.

## CONCLUSION

Plaintiff has not stated a claim against the New Mexico Corrections Department because NMCD is not a person under 42 U.S.C. §1983. Defendants Romero, Roark and Jablonski are entitled to qualified immunity because Plaintiff cannot, as a matter of law, show a violation of his First Amendment rights under *Garcetti/Pickering*. The Complaint should be dismissed.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ James P. Sullivan*
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
jamie@brennsull.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of May 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Philip B. Davis
Nicholas T. Davis
Davis Law New Mexico
1000 Lomas Blvd., NW
Albuquerque, NM  87102
505-242-1904
phil@davislawnm.com
nick@davislawnm.com
*Attorneys for Plaintiff*

By: */s/ James P. Sullivan*
James P. Sullivan